[Cite as *State ex rel. Peterson v. Sutula*, 2011-Ohio-4646.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96744

---

## STATE OF OHIO EX REL., DAMIEN L. PETERSON

RELATOR

vs.

## JUDGE JOHN D. SUTULA

RESPONDENT

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Procedendo
Motion No. 444842
Order No. 447196

RELEASE DATE: September 14, 2011

FOR RELATOR

Damien L. Peterson, Pro Se
Inmate No. 503-884
Marion Correctional Institution
P.O. Box 57
940 Marion-Williamsport Road
Marion, OH   43302


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, P.J.:

{¶ 1}   Relator, Damien L. Peterson, requests that this court issue a writ of procedendo compelling respondent judge to issue a ruling on the motion to vacate void sentencing journal entry/judgement of conviction filed by Peterson in *State v. Peterson*, Cuyahoga County Court of Common Pleas Case No. CR-388072 on November 12, 2010.

{¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of the journal entry received for filing by the clerk on May 25, 2011 denying the motion to vacate void sentencing journal entry/judgement of conviction. Relator has not opposed the motion. Respondent argues that this action in procedendo is, therefore, moot. We agree.

{¶ 3} We also note that Peterson has not complied with the requirement of R.C. 2969.25 that he provide an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Failure to comply with this provision provides a basis for dismissal of an action in procedendo. *State ex rel. Huffman v. Ambrose*, 8th Dist. No. 95546, 2010-Ohio-5376. Peterson also failed to support his complaint with a statement setting forth the balance in his inmate account as certified by the institutional cashier. See R.C. 2969.25(C). "This also is sufficient reason to deny the writ, deny indigency status, and assess costs against the relator." Id. ¶9.

{¶ 4} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR